IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAMELA HANLON,             )
                           )
        Plaintiff,         )
                           )
vs.                        )    CIVIL NO. 10-453-GPM
                           )
CASINO QUEEN, INC.,        )
                           )
        Defendant.         )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court on Defendant Casino Queen, Inc.'s "Motion to Dismiss or in the Alternative to Strike Allegations in Count I and Count III" (Doc. 7). As Plaintiff correctly points out, Defendant's motion fails to identify which section of Rule 12 might serve as the basis for its motion to dismiss. Indeed, Defendant's motion gives no grounds to dismiss Plaintiff's complaint in part or in its entirety. Rather, Defendant points to three specific paragraphs in the complaint that should arguably be stricken. The Court will therefore construe Defendant's motion as a motion to strike pursuant to R.12(f)(2). FED. RULES CIV. P. Rule 12(f)(2) permits the Court to strike "any redundant, immaterial, impertinent, or scandalous matter" on motion of a party "before responding to the pleading." The Court notes that Defendant's motion was made contemporaneously with Defendant's answer to the complaint. However, Rule 12(f) also gives the Court authority to strike matter on its own motion. Because of that authority, and because Plaintiff accedes to Defendant's contention that one section of the Complaint should be stricken, the Court GRANTS IN PART Defendant's motion. However, as to the other allegations in the Complaint that

Defendant moves to strike, the Court DENIES IN PART Defendant's motion.

Based on an examination of Plaintiff's complaint, and given the arguments in Defendant's motion, the only conceivable ground to strike is immateriality. None of Plaintiff's complaints are on their face redundant, impertinent, or scandalous, nor has Defendant adduced evidence to show as much. Therefore, the Court considers whether the complaint contains matter immaterial to the three stated claims: sexual discrimination in violation of Title VII, retaliation in violation of Title VII, and violation of the Equal Pay Act.

Defendant's motion asks the Court to strike paragraphs 20 and 21 of Count I and paragraph 12 of Count III from Plaintiff's complaint. Paragraph 12 of Count III is part of Plaintiff's Equal Pay Act claim and alleges damages of emotional distress, humiliation, embarrassment and emotional pain. "Under the Equal Pay Act, a plaintiff may recover back wages; she also may recover liquidated damages in the amount of double the backpay award for willful violations. Both are compensatory in nature." *Hildebrandt v. Illinois Department of Natural Resources,* 347 F.3d 1014, 1031 (7th Cir. 2003), *citing* 29 U.S.C. § 216(b) (damage provision of the Equal Pay Act relative to the sex discrimination provision of the Equal Pay Act, 29 U.S.C. 206(d)). In her response to Defendant's motion, Plaintiff agrees that paragraph 12 of Count III does not correspond to recoverable damages for an Equal Pay Act claim. The Court does not credit Plaintiff's declaration that damages for emotional distress, humiliation, embarrassment and emotional pain are "subsumed" into liquidated damages under the Equal Pay Act. "Liquidated damages are required under 29 U.S.C. § 216(b) unless the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and based on reasonable grounds for believing that his act or omission was not a violation of the statute." *Soto v. Adams Elevator Equipment Co.*, 941 F.2d

543, 550 (7th Cir. 1991). It is therefore not the case that liquidated damages under the Equal Pay Act comprise a grab-bag of non-pecuniary damages. Paragraph 12 of Plaintiff's complaint will be stricken pursuant to Federal Rule of Civil Procedure 12(f).

Defendant also seeks to strike two allegations relating to Plaintiff's sex discrimination claim. Plaintiff must show, *inter alia,* that she met Casino Queen's legitimate job expectations, but was nevertheless subjected to a materially adverse employment action. *See Gates v. Caterpillar, Inc.,* 513 F.3d 680, 690 (7th Cir. 2008). Plaintiff may also proceed "by constructing a convincing mosaic of circumstantial evidence that allows a jury to infer intentional discrimination by the decisionmaker." *Rhodes v. Illinois Department of Transportation,* 359 F.3d 498, 504 (7th Cir. 2004). Here, Plaintiff claims that Casino Queen paid her less, moved her down on the seniority list, and laid her off because of her gender. In paragraph 20, Plaintiff alleges that Rich Garner, Defendant's Human Resource Director, stated on or about Aug. 31, 2007 that he only wanted men to perform certain tasks. Defendant wants this allegation stricken because it occurred more than 300 days prior to the April 27, 2009 EEOC charge preceding this litigation. In paragraph 21 of her complaint, Plaintiff alleges that her direct supervisor Sophia Little treated male employees more favorably than female employees by offering male employees overtime and altering male employees' time sheets to indicate they arrived to work on time. Defendant wants this allegation stricken because it was the subject of a January 25, 2008 EEOC charge for which a Right to Sue letter was issued Sept. 14, 2009–with no complaint timely filed within 90 days.

While Defendant is correct that neither of these allegations could be timely if they were the sole focus of Plaintiff's discrimination charge, such is not the case here. The adverse employment actions that Plaintiff alleges do not include the discrete acts of paragraphs 20 and 21. Rather,

Plaintiff presumably alleges this information as proof of the impermissible animus (gender discrimination) that prompted a Casino Queen decisionmaker to offer her less pay, alter her seniority status, and lay her off. Both parties should be clear: the lowered salary, alteration to Plaintiff's seniority status, and the lay-off are the allegedly unlawful employment practices. These are the discrete acts that prompt Plaintiff's discrimination suit. Plaintiff does not need to argue that the acts alleged in paragraphs 20 and 21 formed a continuing violation. As the record currently stands, the Court cannot determine that the allegations in paragraphs 20 and 21 of Plaintiff's discrimination claim should be stricken for timeliness.

It is therefore the Order of the Court that Defendant's motion to strike be GRANTED IN PART and DENIED IN PART. Paragraph 12 of Count III in Plaintiff's complaint will be stricken as immaterial to this action.

**IT IS SO ORDERED.**

DATED: 3/2/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge